**NEW SHOWS, S.A. de C.V.,**
**Plaintiff–Appellant,**

v.

**DON KING PRODUCTIONS, INC.,**
**Defendant–Appellee.**

**Docket No. 01–7859.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2002.

Alfredo Castellanos, San Juan, PR, for Appellant.

M. Breeze McMennamin, Frankel & Abrams, (Sandor Frankel, Stuart E. Abrams, of counsel), New York, NY, for Appellee.

**50**

Present MINER, SOTOMAYOR and KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Patterson, Judge), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED IN PART and RE-VERSED IN PART.

Plaintiff New Shows, S.A. de C.V. appeals from an order of the United States District Court for the Southern District of New York (Patterson, J.) denying plaintiff's renewed motion for attorney's fees and costs and granting the motion of defendant Don King Productions for sanctions pursuant to Fed.R.Civ.P. 11 ("Rule 11"). Defendant moves on appeal for an award of monetary sanctions pursuant to Fed. R.App. P. 38 ("Rule 38"). We affirm the district court's denial of plaintiff's motion for attorney's fees, but we reverse the district court's imposition of Rule 11 sanctions. In addition, we deny defendant's Rule 38 motion.

This case originally arose from the co-promotion of a boxing event held in Mexico in 1994. Following the unsuccessful event, plaintiff sued defendant for, *inter alia,* breach of contract and fraudulent inducement to enter into a contract. After a jury trial, plaintiff was awarded monetary damages on its breach of contract and fraudulent inducement claims. *New Shows, S.A. de C.V. v. Don King Prods., Inc.,* No. 95 Civ. 8851, 1999 WL 553780, at *1 (S.D.N.Y. July 29, 1999) (the "July 1999 Opinion"). Both plaintiff and defendant filed various post-trial motions, each of which was denied except for plaintiff's claim for attorney's fees and costs on the breach of contract claim. *Id.* at *11. The district court

ordered plaintiff to submit an application outlining specifically those fees and costs incurred as part of the breach of contract claim. *Id.* On receiving plaintiff's Memorandum of Costs, the district court held that it contained insufficient detail or explanation to enable the court to determine whether the fees and costs requested were reasonable or attributable to the breach of contract claim, and accordingly denied the application for fees as inadequately presented. *See New Shows, S.A. de C.V. v. Don King Prods., Inc.,* No. 95 Civ. 8851, 1999 WL 970443, at *1–*3 (S.D.N.Y. Oct.22, 1999) (the "October 1999 Opinion").

In August 1999, plaintiff appealed from the July 1999 Opinion. This Court affirmed the district court's judgment by summary order. *New Shows, S.A. de C.V. v. Don King Prods., Inc.,* Nos. 99–9019, 99–9069, 2000 WL 354214 (2d Cir. Apr.6, 2000) (summary order). In September 2000, plaintiff filed with the district court an Amended Memorandum of Costs, which the court read as a renewed motion for attorney's fees. Defendant opposed the renewed motion, and filed as well a motion for Rule 11 sanctions. The district court first held that the renewed motion was not procedurally barred as having been included within the mandate of this Court's summary order, because the October 1999 denial of plaintiff's application for attorney's fees was not before this Court in the previous appeal. The district court next denied plaintiff's renewed motion for attorney's fees, on the ground that plaintiff's amended memorandum failed to cure most of the defects identified by the district court in its October 1999 Opinion. Finally, the district court granted defendant's motion for Rule 11 sanctions, and awarded defendant $3256.25 as the reasonable attorney's fees defendant incurred in responding to plaintiff's renewed motion for attorney's fees and costs. Plaintiff moved for reconsider-

ation, which the district court denied. Plaintiff then appealed to this Court. Defendant moves on appeal for an award of monetary sanctions pursuant to Fed. R.App. P. 38 ("Rule 38").

A district court's denial of attorney's fees is reviewed for abuse of discretion. *See Mautner v. Hirsch*, 32 F.3d 37, 39 (2d Cir.1994); *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992). We find that plaintiff's renewed motion was not procedurally barred, for substantially the reasons stated by the district court.

■ The district court has an obligation to determine that the fees and costs requested are not unreasonable. *See F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir.1987). To meet this obligation, the court must be able to determine that the fees and costs requested are reasonably attributable to the breach of contract claim, which cannot be accomplished using plaintiff's Amended Memorandum of Costs. Even though the amended application provides somewhat more detail than the original application, it still does not contain enough information to enable the district court to approve an amount for costs and attorney's fees. The district court described in detail the ways in which it would be impossible for the court to ascertain that the costs and fees are not unreasonable; for the reasons it identified, we find that the court did not abuse its discretion in dismissing plaintiff's amended application.[1]

■ Regarding the imposition of Rule 11 sanctions, we review the district court's decision for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399–405, 110 S.Ct. 2447, 110 L.Ed.2d 359

(1990); *Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 57 (2d Cir.2000). In this context, however, we have clarified that "although the decision to impose sanctions is uniquely within the province of a district court, we nevertheless need to ensure that any such decision is made with restraint and discretion." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir.1999).

It appears to us that plaintiff has made a good faith, albeit unsuccessful, effort to separate out attorney's fees for the breach of contract claim from attorney's fees for the fraud claim. "[N]ot all unsuccessful arguments are frivolous or warrant sanctions." *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 830 (2d Cir.1992) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990)) (internal quotation marks omitted). The fact that plaintiff's renewed motion contains insufficient detail to enable the district court to determine whether the fees requested were reasonable is not necessarily grounds for concluding that the renewed motion was frivolous.

We are unable to conclude that plaintiff's renewed application for attorney's fees was made "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11(b)(1); *see also W.K. Webster & Co. v. Am. President Lines, Ltd.*, 32 F.3d 665, 670 (2d Cir.1994). Counsel was simply attempting to collect a fee. Nor can we say that the fee claim was not warranted by existing law or that it was based on a frivolous argument. Fed.R.Civ.P. 11(b)(2). The factual contentions certainly had support, Fed.R.Civ.P. 11(b)(3), even though that support was deemed to be inadequate. We thus re-

---

1. Judge Miner would vacate so much of the district court judgment as denies the timely request for statutory costs filed by plaintiff and, there having been no specific objection to the amount claimed, would direct the district court to allow costs in the total amount of $1070, in accordance with Fed.R.Civ.P. 54(d)(1).

verse the district court's imposition of Rule 11 sanctions.

Finally, defendant moves in this Court for an award of damages and costs pursuant to Rule 38. Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may ... award just damages and single or double costs to the appellee." The applicable standard for imposition of Rule 38 sanctions is not entirely settled in this Circuit; in a number of cases, this Court has stated that Rule 38 requires a showing that the appeal is frivolous as well as "a clear showing of bad faith," while other cases hold that an appeal need only be "groundless, without foundation, and without merit" to warrant imposition of sanctions under Rule 38. *60 E. 80th St. Equities, Inc. v. Sapir*, 218 F.3d 109, 119 (2d Cir.2000) (citing cases). We need not resolve this question in the instant case, however, as we find that Rule 38 sanctions are not warranted under either standard. First, there is no evidence of bad faith in the record, so there is no basis for Rule 38 sanctions under the bad faith standard. Second, plaintiff has raised legitimate questions as to whether the district court's imposition of Rule 11 sanctions was proper, as evidenced by our reversal of the district court's imposition of the sanctions.

For the reasons we have stated, the dismissal with prejudice of plaintiff's renewed application for attorney's fees is AFFIRMED, the imposition of Rule 11 sanctions is REVERSED, and defendant's motion for Rule 38 sanctions is DENIED. Each party shall bear its own costs on this appeal.

* Of the Southern District of New York, sitting